Filed 3/7/14  P. v. Miller CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039406 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC942539) |
| v. | |
| RICHARD DARRYL MILLER, JR., | |
| Defendant and Appellant. | |

Defendant Richard Darryl Miller, Jr. pleaded no contest to one count of first degree burglary (Pen. Code, § 459)[1] in exchange for a sentence of 16 months in prison. The trial court ordered him to pay $5,500 in restitution for the victim's loss of three items:  a television, a camera, and a camcorder.

On appeal, defendant contends the trial court erroneously imposed restitution in an amount greater than the replacement costs incurred by the victim.  The Attorney General concedes the trial court erred as to the amount of restitution for the television, but argues the court properly determined the amount of restitution for the other two items.

We agree with the Attorney General.  We will reduce the amount of restitution to reflect the replacement cost of the television, and we will affirm the judgment in all other respects.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

## I. Factual and Procedural Background

On May 5, 2009, the prosecution charged defendant with one count of first degree burglary.[2] (§§ 459, 460, subd. (a).) The complaint also alleged defendant was on bail for the commission of another felony at the time of the offense. (§ 12022.1) On December 20, 2012, defendant pleaded no contest to residential burglary, and the enhancement allegation was stricken. In exchange for his plea, defendant was promised a 16-month sentence consecutive to another sentence arising out of a separate case. On January 28, 2013, the trial court imposed a total term of 17 years and 8 months in prison for both cases.

At the restitution hearing, Ling Sen Peng, the victim, testified that defendant stole three items: a 43-inch Pioneer plasma television, a Canon DSLR digital camera, and a Sony camcorder. Ling bought the television in 2006 for $3,800, and he replaced it with a 46-inch LCD television for $1,600. He spent $1,000 to replace the stolen Canon camera—which he had received as a gift—with a Nikon camera of the same value. The stolen Sony camcorder cost $700, and he replaced it with a new Canon camcorder for $500. Although Ling spent less to replace the television and camcorder than he originally spent to buy them, he asked the court to award him restitution for the full, original cost of the items "as a penalty." Defense counsel objected on the grounds that "Mr. Peng is not entitled to a windfall and he is not entitled to a penalty." The court rejected this argument and ordered restitution for the full, original cost of the items in the amount of $5,500.

## II. Discussion

Section 1202.4 provides, in relevant part, that restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but

---

[2] The record does not set forth the facts of the offense, other than those relating to restitution.

not limited to [. . .] [¶] [f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be *the replacement cost of like property*, or the actual cost of repairing the property when repair is possible." (§ 1202.4, subds. (f)(3) & (f)(3)(A).) (Italics added.) "A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall." (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.) "[R]estitution is to be based on the replacement cost of a *like* item." (*Id.* at p. 1177.)

We review the trial court's restitution order for abuse of discretion. (*People v. Chappelone, supra,* 183 Cal.App.4th at p. 1173.) An award of restitution greater than that necessary to compensate the victim for like property constitutes an abuse of discretion. (*Id.* at p. 1177.)

The parties agree that the trial court erred in awarding Ling $3,800 for the television, and that $1,600 will make him whole for the loss of that item. We agree with the parties. Furthermore, there is no dispute relating to the award of $1,000 for the camera.

The sole issue in contention concerns the proper award for the camcorder. Defendant contends the court should have awarded Ling $500, equal to the replacement cost of the camcorder. The Attorney General argues that the court did not abuse its discretion in awarding $700 because the original camcorder was worth that amount, and the record does not show that the new camcorder was comparable to that of the stolen camcorder.

We agree with the Attorney General. The victim is entitled to compensation for "*like* property." (*People v. Chappelone, supra,* 183 Cal.App.4th at p. 1177.) Nothing in the record shows that the new camcorder was "like" the stolen camcorder—that is, of equal value or comparable quality. "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is

3

not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) There being no showing to the contrary, we find no abuse of discretion in the trial court's award of $700 for the camcorder.

Accordingly, we will modify the restitution order to award $3,300 to the victim, equal to the sum of $1,600 for the television, $1,000 for the camera, and $700 for the camcorder.

### III. DISPOSITION

The restitution order is modified to award $3,300 to Ling Sen Peng. As modified, the judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Rushing, P. J.

_____
Premo, J.

4